## FARMERS' and TRADERS' BANK et al. v. KELSAY, Appellant.

### Division Two, February 21, 1905.

1. **DECREE: Affirmed: Tender: Interest.** The decree of the trial court was that purchasers at a trustee's sale under a deed of trust, which was invalid because made by the sheriff when the trustee had not refused to act and was present, and for other reasons, were to reconvey the land to the mortgagor within a certain time, upon the payment or the tender by him of the amount due on the mortgage notes, which amount was fixed by the decree at $825, and the tender was made and refused, and the holder of the notes appealed, and this decree was affirmed and afterwards the mortgagor made tender of the same amount formerly tendered, but the holder of the notes demanded eight per cent compound interest from the date of that tender to the date of the last tender. *Held*, that the decree fixed the amount to be paid, and the holder of the notes could not demand interest after the date of the first tender. The decree of a court can not be set aside in such a way. The point is to be determined by the decree, and not by the law governing tender.

2. ———: ———: ———: ———: **Meaning of "Judgment Affirmed."** The decree had set aside a sale of land under a deed of trust and permitted the mortgagor to redeem upon the payment or tender of payment before January, 1899, of $825, and required the purchasers to reconvey to the mortgagor, and this sum was tendered, but the purchasers and holders of the notes

appealed, and on appeal the decree was affirmed, the opinion closing with these words: "The decree of the court permitting plaintiff to redeem by paying the amount of the two notes and interest secured by the deed of trust was just, and is affirmed." *Held*, that, by that language, this court did not mean that before the mortgagor could redeem he must pay the notes and all interest down to the date of the affirmance of the decree, but it was the decree, which fixed January, 1899, and $825 as the amount to be paid—the amount of the notes on that date—that was affirmed.

3. ———: ———: ———: ———: **Advantage of One's Wrong.** No one can take advantage of his own wrong. A holder of a note who has refused to obey the decree of a court to reconvey to the mortgagor land which has been wrongfully sold under a deed of trust, on the payment or tender to him of the amount due as fixed by the decree, is not entitled to interest on the amount fixed by the decree from the time of the first tender, which was declined, to the time of the second tender, made after the decree was affirmed on appeal. To require the mortgagor, after his tender was declined, to pay the interest during the time the appeal of the holder was pending, would be not only to set aside the decree, but to permit the holder of the note to take advantage of his own wrong in declining the first tender and in refusing to obey the decree of the court.

Appeal from Moniteau Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED.

*Edmund Burke* and *John Cosgrove* for appellant.

(1) The tender made January 11, 1899, of the amounts due on both notes, principal and interest, and the costs of acknowledging both deeds of trust satisfied on the records, stopped the running of interest from that date. R. S. 1899, sec. 1565; Landis v. Saxton, 89 Mo. 375; Knollenberg v. Nixon, 171 Mo. 445; Berthold v. Reyburn, 37 Mo. 586; Raymond, Kepler & Co. v. McKinney Bros. & Co., 58 Mo. App. 303; McGuire v. Brockman, 58 Mo. App. 307; Harper v. Rosenberger, 56 Mo. App. 388. (2) The tender having been once made of the amount due, "that put a stop to accruing

damage or interest.'' There was no necessity of depositing the amount admitted to be due in court or elsewhere. The tender was "kept good" by appellant's willingness and ability to pay whenever the money tendered was called for by the bank. If the bank signified its willingness to accept the amount tendered, and it was not forthcoming, it might bear interest, but not otherwise. Berthold v. Reyburn, 37 Mo. 586; Shields v. Lozear, 3 Am. Rep. 263. (3) It was unnecessary for the plaintiff, in the case of Kelsay v. Farmers and Traders Bank et al., that being a suit in equity to set aside a sale made under deeds of trust and to permit Kelsay to redeem real estate from the debt secured by the deeds of trust, to pay the amount tendered into court, in order to retain the benefits of his tender. Whelan v. Reilly, 61 Mo. 565. (4) The circuit court of Moniteau county, in Kelsay v. Farmers and Traders Bank et al., by its judgment found the amounts due on both notes and fixed a day of payment of the same, "or a tender thereof.'' The judgment was affirmed in this court, and a tender of the amounts so found and adjudged to be due was conclusive on all parties to that suit and to this, the parties being the same in both suits. Johnson v. Stebbins-Thompson Realty Co., 167 Mo. 325.

*W. M. Williams* with *Moore & Williams* for respondents.

(1) (a) To have the effect of stopping interest or costs, a tender must be kept good. Bissell v. Hayward, 96 U. S. (6 Otto) 587; Ruppel v. Guarantee B. & S. Assn., 158 Mo. 622; Voss v. McGuire, 26 Mo. App. 456; Roosvelt v. Bank, 45 Barb. 579; Hunt on Tender, secs. 346, 456; Gray v. Angier, 62 Ga. 596. (b) The fact that defendant could have raised the money at any time after the first tender, January 11, 1899, if called on by the bank, does not amount to a setting apart or

a depositing of the money for the use of the plaintiffs. What amounts to an effective tender in law, to stop the running of interest, is clearly set forth by the Supreme Court of Massachusetts in Sanders v. Bryer, 9 L. R. A. 255, 152 Mass. 141: "It must be deposited, set apart, or placed at the disposal of defendant." Hunt on Tender, sec. 346; Tuthill v. Morris, 81 N. Y. 100. (2) The common law rule as to pleading a tender required that the money be brought into court. 9 Bacon's Abridgment, pp. 310-317. Under our decisions the plea must show that defendant has always been ready and willing to pay the amount from the date of the tender. Henderson v. Cass County, 107 Mo. 57; Woolner v. Levy, 48 Mo. App. 469. In pleading a tender a party must bring the money into court. Railroad v. Clark, 119 Mo. 372. (3) "The fact that a debtor has once tendered the amount due and it has been refused, may, if it has been kept good, stop the running of interest, but it will not extinguish the debt; and if not kept good, it will not even stop the running of interest." Ruppel v. S. & B. Assn., 158 Mo. 622; Hudson v. Gravel Co., 140 Mo. 117. (4) "The obligation to keep the tender good is as essential to the legal efficiency of the tender as the offer of the money." Hunt on Tender, sec. 346; Tuthill v. Morris, 81 N. Y. 100.

GANTT, J.—This cause is here practically on a second appeal. The first appeal is reported in Kelsay v. Farmers and Traders Bank, 166 Mo. 157.

That suit was one in equity to set aside a sale by the sheriff and to allow plaintiff to redeem his homestead. The circuit court made its decree for plaintiff and defendants appealed. The plaintiff in accordance with that decree on January 11, 1899, tendered the bank the full amount of the indebtedness then due, to-wit, $825, which the bank refused. At the October term, 1901, this court affirmed the decree of the circuit court.

After the judgment was affirmed, the purchasers

at the execution sale, to-wit, Charles P. and Warren
T. Miller, executed a deed conveying said lands to said
Kelsay and the bank tendered it to him and thereupon
said Kelsay again tendered the sum of $825 to the
bank, the same amount tendered on January 11, 1899,
but the bank, one of the plaintiffs herein, refused to
accept said tender unless Kelsay would pay interest at
the rate of eight per cent compounded up to the date
of the last tender, January 16, 1902, and then plaintiff
brought this new suit to compel Kelsay to pay said
notes and interest.

This suit might properly be denominated a suit
in equity to construe the opinion and judgment of this
court in Kelsay v. Farmers and Traders Bank et al.,
166 Mo. 157.

In that case the decree of the circuit court of
Moniteau county was in all things affirmed. Now the
decree of the circuit court was that Charles P. and
Warren T. Miller reconvey all their right, title and in-
terest in the real estate in said decree described and by
them purchased at the sale made by the said Charles
G. Inglish, December 28, 1897, to the plaintiff, J. R.
Kelsay, upon the payment by him or the tender of the
amount due on both of said notes at the date of the said
tender to the defendant, the Farmers & Traders Bank;
that said payment or tender should be made to said
Farmers & Traders Bank on or before the — day of
January, 1899, and it was further ordered that the said
deed by Inglish to Charles P. and Warren T. Miller be
and the same is hereby annulled, cancelled, vacated and
set aside and for naught held, and the said bank was
ordered upon the tender of the amount due on said
notes at the date hereinbefore mentioned, to-wit, Jan-
uary, 1899, to enter satisfaction on the margin of the
record and that Kelsay should pay the clerk the satis-
faction fee for so doing.

By this suit the Farmers & Traders Bank and the
Millers and Inglish seek to reopen the issues thus finally

settled in the circuit court and by this court, and have a new amount fixed as a satisfaction of such notes; in other words, they seek to have interest from January, 1899, added to the amount fixed by the circuit court.

In our view of the case, the matters in dispute were all finally adjudicated by the circuit court and a definite amount fixed and settled and a day certain on which it was to be paid. That amount it is agreed was tendered to the bank, and it refused it, and now it seeks to add the cost of a new suit and to recover interest to be compounded for six years more.

Counsel for plaintiff cite us to many cases as to what constitutes a good tender and to the necessity of keeping a tender good in order to stop the running of interest. In our opinion this is not a question of tender. It is a question of obedience to a decree of a court of competent jurisdiction, with full authority over the parties to the suit and the subject-matter.

By that judgment and decree the defendants in that suit, the plaintiffs here, were ordered and directed to make a deed and satisfy a mortgage of record upon the payment of $825 when tendered to them. It is admitted it was tendered to them, but instead of accepting it and obeying the decree of the court, they refused to accept it and commenced a new action, the purpose of which is to avoid the solemn decree of the court and to fasten on the plaintiff in that suit, the defendant herein, interest for six years compounded at the rate of eight per cent. They can not in this manner modify and set aside the decree entered in the circuit court and affirmed in this. Their petition states no ground for opening that decree. They can not entail upon defendant Kelsay an onerous burden of interest and costs by their direct and positive refusal to obey the decree of the court which has become final and irrevocable. It is an ancient maxim of the law that no one shall take advantage of his own wrong. To entertain this suit and

uphold the decree in this case would be grossly inequitable to the defendant Kelsay. Prior to the commencement of his suit, he tendered to the bank all he owed it on his notes for which it held a mortgage on his homestead and it refused to accept it. He brought his suit to be allowed to redeem and the circuit court granted him relief on the terms that he tender or pay to the bank by a day certain, January, 1899, the amount of the two notes and interest and he promptly tendered the same and it was refused.

The bank appealed to this court, and the judgment was affirmed, and again Kelsay tendered the amount found by the circuit court, and again the bank refused it.

The plaintiff Kelsay, in the former suit, performed every condition required of him by the circuit court and this court as the price of his right to redeem his homestead. Those judgments were complete and final adjudications of the rights of the several parties thereto. They stand unreversed and unmodified in any manner, and the matters complained of in this action were finally adjudicated in that suit, as fully appears from the record. It would seem that this action is based upon the concluding sentence of the opinion in Kelsay v. Farmers & Traders Bank, 166 Mo. 157, to-wit, "The decree of the court permitting plaintiff to redeem by paying the amount of the two notes and interest secured by the two deeds of trust was just, and is affirmed." The contention is that thereby we meant to say that before plaintiff could redeem he must pay the notes and all interest down to the date of the affirmance of that decree in this court. This is a total misapprehension of the language used. The Farmers & Traders Bank had confederated with the Millers to charge Kelsay's homestead with other debts for which it was not liable. The circuit court held it could only be subjected to the mortgage debts and interest, and fixed January, 1899, as the date of the tender of the

notes and interest to that date and exonerated the homestead from the other debts.  It was that finding we approved and affirmed, as we did the decree in all other respects.  We did not hold that the Farmers & Traders Bank could contumaciously refuse to abide by the decree of the circuit court after it was affirmed by this court, and refuse to accept Kelsay's tender of the amount the court had decreed, and thus extend its loan at eight per cent compound interest for four years more and absorb the whole homestead of Kelsay.  We meant just what we said, that the circuit court's decree fixing the amount of $825 as the price of redemption and January, 1899, as the time to pay it, was affirmed.

The judgment of the circuit court is reversed.  The parties can comply with the decree of this court affirming the judgment of the circuit court of Moniteau county by James B. Kelsay again tendering to the Farmers & Traders Bank the sum of $825, and the fee for the satisfaction of the record of said mortgage, and if the bank refuses it, then he can apply to the circuit court for leave to deposit the same with the clerk of the court and for such supplemental remedial orders as may be necessary to enforce the decree of the circuit court.

*Burgess, P. J.,* and *Fox, J.,* concur.